IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND W. McLAUGHLIN, JR. : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> V.P. TYLER and JOSUE BRISENO : <br> : <br> Defendants. : | Civ. No. 4:14-CV-01674 <br><br> (Judge Brann) |

## MEMORANDUM
January 23, 2015

### I.   BACKGROUND

Before the Court is the Plaintiff's Motion for Reconsideration (ECF No. 10) of the Order, dated November 24, 2014, adopting the Report and Recommendation of Magistrate Judge Susan E. Schwab (ECF No. 8). Within that same Order, the Court also denied the Plaintiff's Motion to Appoint Counsel (ECF No. 7) as moot following the dismissal of his complaint.

### II.   DISCUSSION

#### A.   LEGAL STANDARD

A motion for reconsideration is a device of limited utility. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1

1985). A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002). In such a motion, "parties are not free to re-litigate issues that the Court has already decided." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, CIV. 3:CV-06-841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) aff'd, 241 F. App'x 3 (3d Cir. 2007). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Furthermore, within the Middle District of Pennsylvania, Local Rule 7.10

applies when a motion for reconsideration is not filed for the purpose of amending or altering a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. Specifically, Local Rule 7.10 permits a party to seek reconsideration within fourteen (14) days of entry of an order provided that the motion for reconsideration is accompanied by a supporting brief.

    B.    ANALYSIS

Because the Plaintiff's Motion appears to confuse the Court's grounds for adopting the Report and Recommendation with its grounds for denying his Motion to Appoint Counsel, the Court will treat the Plaintiff's Motion as a request for reconsideration of both issues.

Within his Motion for Reconsideration, the Plaintiff failed to cite a change in controlling law, the availability of new evidence, or the need to correct a clear error of law. Plaintiff instead states "his absolute need for appointed counsel" because of both medical reasons and his apparent need for help in producing the defective headphones at issue in his underlying claim. (ECF No. 10). Although these aforementioned assertions appear to support only an argument for reconsideration of the Court's denial of appointed counsel, they nevertheless fail to assert evidence not already included in Court documents. Concerning the Order's dismissal of his complaint for "failure to state a claim upon which relief can be granted," the

Plaintiff fails outright within his Motion to present new evidence or controlling law to contradict the Court's reasoning. Therefore, the Plaintiff has failed to make the showing necessary for Court reconsideration of its Order adopting the report and recommendation of the Magistrate Judge.

Furthermore, the Plaintiff also failed to abide by Middle District of Pennsylvania Local Rule 7.10 which requires that a Motion for Reconsideration be accompanied by a supporting brief when it is not made under Rule 59 of the Federal Rules of Civil Procedure. In this case, Plaintiff failed to file a supporting brief within the required fourteen (14) days after the entry of the Order in question. Because the Plaintiff's Motion is not accompanied by a supporting brief and amounts to no more than a re-litigation of his previously unsuccessful and dismissed claims, the Court will consequently dismiss this Motion and uphold the finality of its prior Order.

### III. CONCLUSION

The Plaintiff's Motion fails to present viable grounds for altering the Court's Order of November 24, 2014. Specifically, the Plaintiff fails to cite a change in controlling law, produce new evidence, or, alternatively, demonstrate the need to correct a clear error of law. Accordingly, the Plaintiff's Motion for Reconsideration is denied.

An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge